**IT IS ORDERED as set forth below:**



Date: August 20, 2020

*Susan D. Barrett*

United States Bankruptcy Judge
Southern District of Georgia

---

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA
Augusta Division

| | |
|---|---|
| IN RE: )<br>SHANTEL E. RICHARDSON, )<br> )<br>    Debtor )<br> ) | Chapter 7 Case<br>No. <u>19-10648</u> |

**OPINION AND ORDER**

Before the Court is a Motion for Relief from Stay by Titlemax of Georgia, Inc. ("Titlemax"), seeking relief from the automatic stay pursuant to §362.[1] The issue is whether the Debtor or Titlemax is entitled to insurance proceeds when Debtor totaled the vehicle after the redemption period expired. This is a core proceeding under 28 U.S.C. §157(b)(2)(G) and the Court has

---

[1] Unless otherwise noted all references refer to title 11 of the United States Bankruptcy Code.

jurisdiction pursuant to 28 U.S.C. §1334.

## FINDINGS OF FACT

In November 2018, Debtor entered into a title pawn transaction with Titlemax, whereby Debtor financed $4,417.98 agreeing to list Titlemax as the lienholder on Debtor's 2008 Dodge Charger ("Vehicle").  Dckt. No. 60, Ex. A.  The Pawn Transaction Disclosure Statement and Security Agreement ("Agreement") provides:

> To secure Pledgor's obligations to Pawnbroker hereunder, <u>Pledgor [Debtor] grants to Pawnbroker [Titlemax] a security interest in the Vehicle and the Title, together with all Vehicle improvements, attachments, insurance proceeds and refunds and sales proceeds</u>.
> .
> .
> .
> .
> This Pawn is non-recourse to you [Debtor].  You shall have no obligation to redeem the Vehicle or make any payment on this Pawn.  Nothing in this Agreement gives us any recourse against you personally other than our right to take possession of the Vehicle upon your default, and to sell or otherwise dispose of the Vehicle in accordance with Georgia law.
>
> If you choose not to redeem the Vehicle on or before the Maturity Date or extend the Maturity Date as provided [herein], then you will be in default.  Upon default, Pawnbroker may take possession of the Vehicle....If the Vehicle and Title are not redeemed within the grace period, the Pledgor's ownership interest in the Vehicle and Title are automatically extinguished and the Vehicle and Title become the property of the Pawnbroker.
> .
> .
> .
> .

2

Dckt. No. 60, Ex. A, ¶¶1, 5 and 6 (emphasis added). Georgia law governs the Agreement. Id. at ¶17.

Debtor refinanced and extended the maturity date several times with the final contractual maturity date being May 2, 2019. Dckt. No. 17, Ex. B. Debtor did not make the May payment and filed her chapter 13 bankruptcy petition during the state law grace period to redeem. Ultimately, pursuant to §108(b) Debtor had until July 21, 2019 to redeem the Vehicle, and she failed to do so. Titlemax filed its motion for relief on July 22, 2019 seeking repossession of the Vehicle.[2]

Debtor continued to insure the Vehicle and remained in possession of the Vehicle. Unfortunately, the Vehicle was totaled in an accident[3] after the expiration of the grace period, but prior to the resolution of the motion for relief. Days after the accident, Debtor voluntarily converted her chapter 13 bankruptcy case to chapter 7. Dckt. Nos. 38 and 40.

Debtor now seeks to retain the insurance proceeds arguing Titlemax is only entitled to the totaled Vehicle itself. Conversely, Titlemax argues it has a lien in the proceeds under

---

[2] The hearing on the motion for relief was continued several times with the consent of the parties.

[3] Debtor was the at-fault driver. See Dckt. No. 60, p. 3.

paragraph 1 of the Agreement entitling it to the insurance proceeds as a substitute for the collateral.

## CONCLUSIONS OF LAW

There is no dispute that after the expiration of the redemption period, the Vehicle belongs to Titlemax. See In re Northington, 876 F.3d 1302, 1315 (11th Cir. 2017). Debtor argues Titlemax cannot be the owner of the Vehicle and have a lien in the insurance proceeds. Debtor further argues Titlemax's insurance company should pay Titlemax for the destruction of the Vehicle.[4] Conversely, Titlemax argues Debtor pledged the insurance proceeds to it in the Agreement and the fact that it is now the owner of the Vehicle only strengthens its rights in these proceeds. Titlemax contends that its entitlement to the Vehicle, improvements, attachments, and insurance and sales proceeds was upgraded after the redemption period expired from a mere security interest to fully vested ownership of the proceeds. After considering the matter, the Court finds Titlemax is entitled to the insurance proceeds to the extent of its debt.

Debtor granted Titlemax a security interest in the insurance proceeds. See Dckt. No. 60, Ex. A, ¶1 ("To secure

---

[4] The issue of Debtor's insurable interest in the Vehicle is not before the Court.

4

Pledgor's obligations to Pawnbroker hereunder, Pledgor grants to Pawnbroker a security interest in the Vehicle and the Title, together with all Vehicle improvements, attachments, <u>insurance proceeds</u> and refunds and sales proceeds.") (emphasis added). These insurance proceeds serve as a substitute for collateral. <u>In re Stevens</u>, 130 F.3d 1027, 1030 (11th Cir. 1997)(holding because the insurance policy was intended to protect both the owner of the vehicle and the secured creditor in the event of destruction of the vehicle, the insurance proceeds act as a substitute for the insured collateral). Debtor seeks to distinguish <u>Stevens</u> by stating it was decided in the context of chapter 13. However, the <u>Stevens</u> court only looked to the confirmed chapter 13 plan to determine the amount of the insurance proceeds the creditor was entitled to, not whether the insurance proceeds acted as a substitute for collateral. For these reasons, I find <u>Stevens</u> supports the conclusion that Titlemax is entitled to the insurance proceeds to the extent of its debt. To hold otherwise would allow Debtor to be paid twice, once when she obtained the loan from Titlemax and then again with the insurance proceeds. Furthermore, allowing Titlemax to retain the proceeds pledged as collateral for its loan is not a collection action against the Debtor personally.

    Debtor also argues the doctrine of judicial estoppel

prevents Titlemax from asserting it has both a lien in the insurance proceeds and is the owner of the Vehicle. The merits of this contention are rejected for the same reasons as set forth above in the Court's analysis of Stevens. Furthermore, judicial estoppel is an equitable defense to protect the courts against parties seeking to manipulate the judicial process by changing their positions to suit the exigencies of the case. See Slater v. U.S. Steel Corp., 871 F.3d 1174, 1176 (11th Cir. 2017); Smith v. Haynes & Haynes, P.C., 940 F.3d 635, 643 (11th Cir. 2019)(internal citation omitted). It should be applied when conduct is egregious enough to demand that equity intervene to prevent such manipulation. See Slater, 871 F.3d at 1187. Given the facts and circumstances presented in this case, the doctrine does not prevent Titlemax from claiming these proceeds to the extent of its debt. If anything the equities appear to weigh in favor of Titlemax. Debtor's conduct has delayed Titlemax's collection on its collateral/debt-- including the timing of the bankruptcy filing, the timing of the motion to amend her chapter 13 plan, continuances, Debtor's voluntary conversion of her chapter 13 case to a chapter 7 after the Vehicle was totaled along with the accompanying implications upon the property of the bankruptcy estate, and filing the motion to redeem after the Vehicle was totaled.

For these reasons, Titlemax's Motion for Relief from Stay is ORDERED GRANTED allowing it to collect the insurance proceeds and pursue any other state law remedies against its collateral to the extent of its debt.

**[END OF DOCUMENT]**